# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RANDY ALAN GRIFFITH, JR.,<br><br>Plaintiff,<br><br>v.<br><br>NEW CHICAGO POLICE DEPT., et al.,<br><br>Defendants. | CAUSE NO.: 2:18-CV-462-JVB |

## OPINION AND ORDER

Randy Alan Griffith, Jr., a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Griffith alleges that, on May 4, 2017, Officer Jeramey Sandilla, who works for the New Chicago Police Department, provided false statements in a probable cause affidavit. Specifically, Officer Sandilla falsely described the events as occurring in Lake County when they occurred in Porter County. He also provided false details about Griffith's driving on the night of May 2, 2017, stating that Griffith drove off the road, drove into another person's backyard without permission, and created a substantial risk of bodily harm to police officers. On October 26, 2017, Officer Sandilla submitted another probable cause affidavit, stating that the same events occurred Porter County. As a result, Griffith was criminally charged with two

counts of intimidation and one count of reckless driving. For his claims, Griffith seeks money damages.

To start, Griffith has attached the two probable cause affidavits to his complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleadings for all purposes."). Contrary to Griffith's allegations, Officer Sandilla uses road names rather than counties to identify the locations of the events described in the affidavit.[1] Griffith may be referring to the county names in the case captions on the affidavits, but these county names function only to identify the court in which the affidavit was filed rather than location of the events described therein. Therefore, Griffith cannot proceed on the allegations that Officer Sandilla falsely described the locations of the events.

Griffith asserts a claim of malicious prosecution against the New Chicago Police Department. "It is well established that there is no respondeat superior liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). To pursue a claim under Section 1983 against a local government unit, a plaintiff must show that his injury was the result of that unit's official policy or custom. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). However, Griffith does not challenge any policy or practice of the New Chicago Police Department. Therefore, the complaint does not state a claim against this defendant.

Griffith also asserts a claim of malicious prosecution against Officer Sandilla. A claim of malicious prosecution may be brought under Section 1983, but this is rarely appropriate because "individuals do not have a federal right not to be summoned into court and prosecuted without probable cause, under either the Fourth Amendment or the Fourteenth Amendment's Procedural

---

[1] The only exception is when Officer Sandilla states that Griffith was taken to Lake County Jail. However, considering the complaint as a whole, it seems unlikely that Griffith is alleging that this particular statement is false.

Due Process Clause." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011). "[T]o state a viable malicious prosecution claim under § 1983, a plaintiff must allege a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause." *Welton v. Anderson*, 770 F.3d 670, 673 (7th Cir. 2014).

Griffith alleges that Officer Sandilla's false statements about his driving resulted in a criminal charge of reckless driving and incarceration. However, the probable cause affidavit indicates that Griffith was also incarcerated based on charges of automobile theft and resisting law enforcement. The affidavit further includes facts to support those criminal charges, and Griffith does not allege that these facts are false. Therefore, the complaint suggests that Griffith would have been incarcerated even without the criminal charge of reckless driving. This, in turn, suggests that the false statements about his driving did not violate his right to be free from unlawful seizures. Nor does Griffith allege that the false statements about his driving deprived him of his right to a fair trial or any other constitutional right. As a result, the complaint does not state a claim of malicious prosecution against Officer Sandilla.

Though the complaint does not state a valid claim, the court will grant Griffith an opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, Griffith should only file an amended complaint if he can address the deficiencies set forth in this order. If he chooses to file an amended complaint, a copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – should be available upon request from the jail law library. On the amended complaint, he must put the cause number of this case which is on the first page of this order, and he should organize his narrative in numbered paragraphs.

For these reasons, the court:

(1) GRANTS Randy Alan Griffith, Jr., until February 20, 2019, to file an amended complaint; and

(2) CAUTIONS Randy Alan Griffith, Jr., that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on January 23, 2019.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
